No. 29,912.

THE HIGHWAY SIGN AND SERVICING COMPANY, *Appellant*, v. LEE SCOTT, *Appellee*.

(8 P. 2d 391.)

Opinion filed March 5, 1932.

*Robert C. Foulston, George Siefkin, Sidney L. Foulston, Lester L. Morris, George B. Powers, Carl T. Smith* and *C. H. Morris*, all of Wichita, for the appellant.

*H. W. Hart, Glenn Porter, Enos E. Hook, Edward H. Jamison* and *Getto McDonald*, all of Wichita, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action to recover money under R. S. 58-101 *et seq.*, commonly known as the bulk-sales law. Judgment was for defendant. Plaintiff appeals.

Appellant had a contract with the L. P. Benn Company, on which there was a balance due of $1,712.52. The Benn company had a stock of oil and grease which it sold in bulk to Lee Scott, appellee, for $9,000: The Benn company furnished appellee a verified list of

its creditors. This list turned out to be incomplete. Before the sale was consummated appellee learned of some other creditors whose names were not on the list. He paid them. Scott complied with the statute with reference to giving notice to the creditors whose names were on the list of the proposed sale and of the date when he expected to take possession of the merchandise and pay therefor. The name of appellant was not on the list of creditors. Appellant insists that appellee had knowledge of the fact that appellant was a creditor of the Benn company or at least knew of facts sufficient to put him on inquiry. This was a disputed question of fact in the trial in the court below. The pleadings were drawn and the case tried in the court below on the theory that—

"A vendee of property, disposed of in violation of the bulk-sales law, is personally liable to the extent of the value of the property which came into his possession when the goods cannot be identified."

Trial was to the court. A general finding of fact and judgment in favor of defendant resulted. From that judgment this appeal is taken. Appellant urges four propositions in this court. They are as follows:

"First: A vendee of property, disposed of in violation of the bulk-sales law, is personally liable for the value of the property which came into his possession when the goods cannot be identified.

"Second: The omission of a creditor from the list by the vendor, or a false affidavit, will not protect the vendee, and this is particularly true when the vendee has knowledge sufficient to put him on inquiry.

"Third: A vendee must retain sufficient of the purchase price to pay obligations of the vendor.

"Fourth: The notice to be given by the intending purchaser must comply strictly with the statute, and no other notice is sufficient."

Appellee simplifies matters somewhat by acknowledging the correctness of propositions 1, 3 and 4. He might have gone further and acknowledged the correctness of proposition 2 and stated that it did not apply to this case. The fact that appellee had knowledge that appellant was omitted from the list of creditors and that he had knowledge of it sufficient to put him on inquiry was a disputed question in the pleadings. The case was tried on the theory that it was a disputed question of fact. There was evidence both ways. Evidently the trial court believed the appellee and his witnesses. By the general finding of fact in favor of appellee he found that appellee had no knowledge sufficient to put him on inquiry. This court has

held many times that where a trial court has reached a conclusion as to a finding of fact on disputed testimony it will not be disturbed on appeal.

The bulk-sales law is as follows:

"The sale or disposal of any part or the whole of a stock of merchandise or the fixtures pertaining thereto, otherwise than in the ordinary course of his trade or business, shall be void as against the creditors of the seller, unless the purchaser receives from the seller a list of names and addresses of the creditors of the seller certified by the seller under oath to be a complete and accurate list of his creditors and unless the purchaser shall, at least seven days before taking possession of the property, or before paying therefor, notify in person or by registered mail, every creditor whose name and address is stated in said list, or of whom he has knowledge of the proposed sale." (R. S. 58-101.)

It will be seen that the sale of a stock of merchandise in violation of this law is simply void as to creditors. The only way the purchaser of a stock of merchandise can protect himself is to require the verified list of creditors and then give each of them "or any other creditor of whom he has knowledge" the notice required by the statute. As to a creditor whose name is not on the verified list or of whom the buyer has no knowledge he is in the same situation he would have been in before the bulk-sales act was passed. This must be the rule or no one would ever buy a stock of goods. The legislature attempted to take care of this by providing a penalty for making a false or incomplete list of creditors. (R. S. 58-103.) The arguments of counsel for both appellant and appellee justify this conclusion.

The judgment of the trial court is affirmed.