BRADAS & GHEENS, Inc. *v.* BREWER *et al.*

(*Nashville,* December Term, 1952.)

Opinion filed April 25, 1953.

C. L. BOYD, of Waynesboro, for appellant.

R. R. HAGGARD, JR., and R. R. HAGGARD, both of Waynes-boro, for appellees.

140

Mr. Justice Tomlinson delivered the opinion of the Court.

One J. B. Davis, a merchant, sold his entire stock of merchandise in bulk to the appellee, Mrs. Mabel Brewer. There was a compliance with all the requirements of the statute regulating the sale of an entire stock of merchandise in bulk, Code Section 7283 et seq., except that the seller, Davis, did not include in the list of creditors furnished the buyer the name of creditor Bradas & Gheens, Inc., to whom a small account was owed. The purchase price paid by Mrs. Brewer for the stock of merchandise was its full value. She applied that purchase price to the payment of (1) the accounts of all creditors named on the list furnished her by the seller, and (2) the account of another creditor of whom she otherwise was made aware by the exercise of reasonable diligence and good faith, and (3) the balance of such purchase price to the seller, Davis. Thereafter, Bradas & Gheens, Inc., informed her of its account and demanded payment, and sued when she refused to pay. This was the first information she had received that this account existed.

The question made by the suit is whether under the provisions of the Bulk Sales Law, Code Section 7238, et seq., this purchaser, Mrs. Brewer, is liable for any amount of the debt owed by the seller to this creditor by reason of the fact that the seller omitted this creditor's name from the list furnished to the buyer. No decision of this question by a Court of this State has been found by counsel or Court. The Chancellor, being of the opinion that no liability existed, dismissed the suit. Bradas & Gheens has appealed, thereby bringing here the question stated.

 Until the enactment of the Bulk Sales Law, codified as Section 7283, et seq., no presumption of a fraudulent conveyance arose merely by reason of the fact that a merchant sold his entire stock of merchandise in bulk. Since this statute is "Penal in character, in derogation of the common law, contrary to the right of individuals to alienate their property", it must be construed strictly so that its force and effect be held within the limitations of the clear meaning of the language used in the statute. *York* v. *Ambrose,* 156 Tenn. 314, 319, 320, 300 S. W. 586, 587.

In the sale of a stock of merchandise in bulk four requirements are made by the Bulk Sales Law, Code Section 7283. The first, second and third of these are (1) making of a full detailed inventory of stock by purchaser and seller, and (2) full and explicit inquiry by the purchaser as to the names, residences etc. of all the creditors of seller, and (3) notice of the proposed sale, etc. by the purchaser to each creditor of whom he has knowledge or as to whom he may with the exercise of reasonable diligence acquire knowledge. Code Section 7283 expressly provides that the sale shall be presumed fraudulent and void as to creditors *"unless"* there is a compliance with each of

these three requirements. There was a complete com-
pliance with each of the three.

The fourth requirement of Code Section 7283 is that
"the seller shall, at least five days before such sale, fully
and truthfully answer in writing each and all of said in-
quiries". The seller, Davis, did not fully comply with
this requirement, in that he omitted from the list of
creditors the name of appellant, Bradas & Gheens, and
one other creditor. Therefore, if Bradas & Gheens are
entitled to recover from the purchaser in this case it must
be solely because of this omission by the seller.

As heretofore noticed, Section 7283 expressly provides
that the sale shall be deemed fraudulent and void as to
a creditor *unless* (the word used by the statute) there is
a compliance with each of the first three requirements
mentioned. But the word "unless", or its equivalent in
meaning, is conspicuously omitted in the statute, Section
7283, in providing for the fourth requirement, that re-
quirement being that the seller fully and truthfully an-
swer the inquiry as to the names, residences, etc. of
creditors.

Since the word "unless" expressly preceded
each of the first three requirements so as to make the sale
fraudulent as to an unpaid creditor in the absence of com-
pliance with those requirements, the natural conclusion is
that the word was omitted with reference to the fourth
requirement because it was not the legislative intent that
the sale be considered fraudulent as to an unpaid creditor
merely because the name of such creditor was omitted by
the seller from the list furnished the buyer. To otherwise
construe it would necessitate an insertion by the Court
of the word "unless" in Code Section 7283 immediately
preceding the language setting out the fourth require-
ment. Moreover, the Court would be giving Code Sec-

tion 7283 with reference to the fourth requirement a force and effect beyond the clear meaning of the language used. All this would place the Court in a position of (1) legislating, and (2) ignoring the rule that a statute in derogation of the common law must be strictly construed. The Court is not permitted either to so legislate or to so ignore the rule just stated.

The construction which we have felt compelled to place upon Code Section 7283 is determinative of the case contrary to the insistence of the appellant creditor. Perhaps, however, it is not amiss to observe that the conclusion reached is in accord with the great weight of authority, according to the text of 37 C. J. S., Fraudulent Conveyances, Sec. 484, page 1351, and of 24 American Jurisprudence, page 358, Section 252. One good reason for the conclusion reached is stated in the Kansas case of *Highway Signs & Servicing Co.* v. *Scott,* reported in 134 Kan. 658, 8 P. (2d) 391, 392, 83 A. L. R. 1137, 1139, and to which we have been referred by the appellee. That case, in sustaining the conclusion reached here under the same facts and statute, says:—"As to a creditor whose name is not on the verified list or of whom the buyer has no knowledge he is in the same situation he would have been in before the Bulk Sales Act was passed. This must be the rule or no one would ever buy a stock of goods."

Judgment affirmed with costs adjudged against appellant and its sureties.